IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR ENRIQUES,<br>    *Petitioner*,<br><br>v.<br><br>THE DISTRICT ATTORNEY OF THE<br>COUNTY OF PHILADELPHIA, et al,<br>    *Respondent*. | :<br>:    No. 20-cv-2495-JMY<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM**

**YOUNGE, J.**                                                                                          February 4, 2022

Presently before the Court is a Petition for Writ of Habeas Corpus ("Habeas Petition") filed by the Petitioner (ECF No. 1), a Report and Recommendation filed by Magistrate Judge Elizabeth T. Hey that recommends dismissal of the Habeas Petition as untimely filed (ECF No. 22), and Petitioner's Objections to the Report and Recommendation.[1]  (ECF Nos. 26, 28.)  For the following reasons, the Court will overrule Petitioner's Objections, approve and adopt the Report and Recommendation and dismiss the Habeas Petition as untimely filed.

**I.      FACTUAL AND PROCEDURAL HISTORY**

On November 10, 2003, a jury empaneled before the Honorable Harold M. Kane of the Philadelphia Court of Common Pleas convicted Petitioner of two counts of aggravated assault, one count of criminal conspiracy, and one count of possession of an instrument of a crime. *Commonwealth v. Enriques*, Nos. 1259-1264 (C.P. Philadelphia, March Term 2003) (trial court opinion file by Judge Harold M. Kane in the criminal trial division on July 12, 2005, page 1).

---

[1] On May 18, 2021, the Petitioner responded to Judge Hey's Report and Recommendation by filing a Petition for Reconsideration Nunc Pro Tunc.  (ECF No. 26.)  Thereafter, on August 19, 2021, he filed a Supplemental Statement Pursuant to the Court Order of July 26, 2021 (ECF No. 28) in which he further disputes the findings made and the conclusions reached by Judge Hey.  Although both documents were filed after the expiration of the fourteen-day deadline for making objections, the Court will substantively review the claims made therein.

On January 13, 2004, Judge Kane sentenced Petitioner to an aggregate term of 32 ½ to 65 years of incarceration.  *Id*.  The Pennsylvania Superior Court affirmed his judgment of sentence on May 8, 2006.  *Commonwealth v. Enriques*, No. 1414 EDA 2004, 903 A.2d 43 (Pa. Superior May 8, 2006).  Petitioner filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which was denied on August 31, 2006.  *Commonwealth v. Enriques*, No. 253 EAL 2006, 906 A.2d 538 (Pa. Aug. 31, 2006).

On November 6, 2006, Petitioner filed a petition under the Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9551.  PCRA counsel was appointed and filed a Finley no-merit letter along with a motion to withdraw.  Petitioner filed objections to PCRA counsel's Finley letter in August of 2008.  The Philadelphia Court of Common Pleas docket is unclear as to the exact date on which the Petitioner's PCRA petition was denied.[2]  (Report and Recommendation page 4 fn 7, ECF No. 22 page 4.)  However, Judge Hey reviewed the record and concluded that the PCRA petition was in fact denied at some point in 2008.  (*Id.*)  She further concluded that Petitioner was aware of the status of his PCRA petition as of January 2011 when he sent a letter to Judge Kane to request lenience in the application of any time bar in light of not having been advised of the outcome of his PCRA.  (*Id.* fn 8 (citing to Petitioner's January 2, 2011 letter attached to his Habeas Petition, Ex. A, ECF No. 1 page 35).)

On November 4, 2015, Petitioner filed a second PCRA Petition claiming that he received an illegal sentence under *Alleyne v. U.S.*, 570 U.S. 99 (2013).  New PCRA counsel was again appointed for the purpose of this second PCRA petition, and for a second time filed a Finley letter along with a motion to withdraw.  The PCRA court dismissed Petitioner's second PCRA

---

[2]The record indicates that certain portions of the Quarter Sessions related to this matter may have been lost when the criminal trial division in the Philadelphia Court of Common Pleas converted its docket system.

petition as untimely on July 5, 2017.  *Commonwealth v. Enriques*, CP-51-CR-0312591-2003 & CP-51-CR-0312601-2003 (C.P. Philadelphia July 5, 2017) (order signed by Judge Timika Lane). The Pennsylvania Superior Court affirmed the dismissal of Petitioner's second PCRA petition as untimely on March 20, 2019.  *Commonwealth v. Enriques*, 2019 Pa. Super. Unpub. LEXIS 996, (Pa. Superior. March 20, 2019).  When discussing the procedural history of Petitioner's case, the Pennsylvania Superior Court referenced the fact that Petitioner's first PCRA petition had been denied prior to the filing of his second PCRA Petition on November 4, 2015.  *Id* at 4.  The Court wrote:

> On November 6, 2006, Appellant filed a timely, *pro se* PCRA petition—his first. Counsel was appointed by the PCRA court, but that attorney ultimately filed a ***Turner/Finely*** no-merit letter and a motion to withdraw with the PCRA court. Appellant filed a timely response, but his PCRA petition was ultimately denied, and his counsel was permitted to withdraw. Appellant did not file an appeal from that decision.

*Id.*

On or about March 22, 2020, Petitioner filed the Habeas Petition that is pending before the Court in which he presents claims of ineffective assistance of trial counsel, ineffective assistance of PCRA counsel for filing a Finley letter, prosecutorial misconduct, and trial court error.  Magistrate Judge Hey filed her Report and Recommendation on March 29, 2021, in which she recommended dismissal of the Petitioner's Habeas Petition as untimely.

Petitioner disputes the conclusions reached by Judge Hey in her Report and Recommendation by essentially reciting arguments that are identical to those set forth in his Habeas Petition.  (Petition for Reconsideration, Petitioner's Supplement Statement.)  He reiterates arguments of ineffective assistance of counsel, prosecutorial misconduct, and trial court error.  (*Id.*)  However, Petitioner raises one new argument that was not previously presented to Judge Hey.  (Petitioner's Supplemental Statement, ¶¶ 1-2.)  Without citing to any

new evidence or specific factual contentions, he argues that the police officers, detectives and District Attorney who were involved in his case were either found to be corrupt or are under investigation for corruption. (*Id.*) He further argues, "Petitioner . . . is currently aware of all the Police Corruption, Prosecutorial Misconduct and Judicial malfeasance that has been tak[ing] place in the Philadelphia Pennsylvania Court, and the Police Department for decades." (*Id.* ¶ 2.) In support of his contention, Petitioner attaches a letter dated July 26, 2021 that he purportedly forwarded to the Philadelphia District Attorney's Conviction Integrity Unit in which he requests a review of his case. (Letter, Petitioner's Supplemental Statement, ECF No. 28 page 16.)

## II.  LEGAL STANDARD

Where a habeas petition has been referred to the magistrate for a Report and Recommendation, the district court conducts a de novo review of those portions of the Report and Recommendation to which specific objections have been made. 28 U.S.C. §636(b); Fed R. Civ. P. 72(b)(3). "[The district court] may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate. The Local Rules of Civil Procedure in the Eastern District of Pennsylvania state that "all issues and evidence shall be presented to the magistrate judges, and unless the interest of justice so requires it, new issues and evidence shall not be raised after the filing of the Magistrate's Report and Recommendation if they could have been presented to the Magistrate Judge." Local R. Civ. P. 72.1(IV)(c); *Kirk v. Meyer*, 279 F. Supp. 2d 617, 619 (E.D. Pa. August 18, 2003) ("Although the Third Circuit has remained silent on the precise issue, the vast majority of authority holds that a district court may properly refuse to hear claims not first presented to the assigned magistrate Judge." (Collecting cases)).

**III.    DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner has one year from the date of the final disposition of his case in state court to file a habeas petition.  28 U.S.C. § 2244(d); *Long v. Wilson*, 393 F.3d 390, 393 (3d Cir. 2004).  A Petitioner may rely on two tolling exceptions, statutory tolling and equitable tolling, in arguing that the AEDPA's one-year limitations period should be tolled.  28 U.S.C. § 2247(d).  Statutory tolling under 28 U.S.C. § 2247(d)(2) provides that the time during which a properly-filed application for post-conviction review is pending in state court is not counted toward the one-year limitation period.  *Schlueter v. Varner*, 384 F.3d 69, 75 (3d Cir. 2004).  *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005).  Equitable tolling is available "in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice."  *Id.*  Thus, "courts should be sparing in their use of this doctrine."  *Id.* at 275.  Generally, a petitioner seeking to rely on the doctrine of equitable tolling bears the burden of showing that (i) he pursed his rights diligently, and (ii) some extraordinary circumstance "stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) see also 28 U.S.C. § 2244(d)(1)(B)-(C).  Closely related to the theory of equitable tolling is the doctrine of actual innocence which can also toll the one-year limitation period.  *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

Judge Hey correctly concluded that Petitioner's judgment of sentence became final on November 29, 2006, ninety days after the Pennsylvania Supreme Court denied his direct appeal.  *Commonwealth v. Enriques*, 906 A.2d 538 (Pa. August 31, 2006).  Therefore, absent statutory tolling, equitable tolling or theories of actual innocence, Petitioner had until November 29, 2007 to file a timely habeas corpus petition.  In his pleadings and various filings in this matter, Petitioner raises no coherent argument to clearly invoke and exception to the AEDPA's time bar.

5

However, he seems to suggest that the doctrine of actual innocence or theories of equitable tolling will save his untimely Habeas Petition. (Petition for Reconsideration, Petitioner's Supplemental Statement, Petitioner's Supplemental Authority under Extraordinary Circumstances, ECF No. 18.)

### A.  Statutory Tolling

Magistrate Judge Hey correctly concluded that statutory tolling was impermissible from November 4, 2015 through March 22, 2020, during the pendency of the untimely second PCRA petition. *See Merritt v. Blaine*, 326 F.3d 157, 159 (3d Cir. April 16, 2003) (holding that "an untimely application for state post-conviction relief by a petitioner, who sought but was denied application of a statutory exception to the PCRA's time bar, is not 'properly filed'"). The AEDPA permits statutory tolling only while a "properly filed" application for post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). "An untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition." *Merritt*, 326 F.3d at 165 (citing *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2000)). Because the Pennsylvania Superior Court concluded that Petitioner's second PCRA petition was untimely, Magistrate Judge Hey correctly determined that the second PCRA petition could not toll the statutory deadlines of the AEDPA.

As previously discussed hereinabove, the letter that Petitioner forwarded to Judge Kane on January 2, 2011 establishes that Petitioner was aware that his first PCRA had been denied. The opinion authored by the Pennsylvania Superior Court further establishes that Petitioner's first PCRA had been denied prior to the filing of his second untimely PCRA on November 4, 2015. Therefore, at the very least, for the purpose of calculating any statutory tolling deadline, it began to run as of November 4, 2015 when Petitioner filed his second untimely PCRA petition

and expired one-year thereafter.  Petitioner waited more than four years to file his Habeas Petition which is clearly outside the AEDPA time-frame.

      **B.**      **Equitable Tolling**

Magistrate Judge Hey correctly concluded that equitable tolling did not save Petitioner's Habeas Petition.  The Third Circuit has held that the AEDPA's statute of limitations is subject to the doctrine of equitable tolling.  *Fahy v. Horn*, 240 F.3d at 244.  Equitable tolling is available "'only when the principle of equity would make the rigid application of a limitation period unfair.'"  *Fahy v. Horn*, 240 F.3d at 240 (quoting *Miller v. New Jersey Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998)).  In *Fahy*, the Third Circuit restated the two general requirements for equitable tolling: (1) that "the petitioner has in some extraordinary way been prevented from asserting his or her rights;" and (2) that the petitioner has shown that "he or she exercised reasonable diligence in investigating and bringing [the] claims." *Id.; see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner fails to show that he diligently pursued his right of federal habeas corpus within the statutory guidelines established by the AEDPA.  As previously discussed, Judge Hey concluded that Petitioner was aware of the denial of his first PCRA petition in January of 2011.  Instead of filing a habeas corpus petition at that time, he waited until November of 2015 to file a second PCRA petition.  Petitioner fails to explain what prevented him from filing a federal habeas petition during the relevant time period.  The Pennsylvania Superior Court affirmed the denial of Petitioner's second PCRA petition as untimely on March 20, 2019, yet the Petitioner waited more than a full year before filing the pending Habeas Petition.  Petitioner falls well short of establishing he was actively misled by the PCRA court or that the PCRA court acted in

violation of the Constitution. He fails to show that government officials interfered with or impeded his right to federal habeas corpus relief.

### C. Actual Innocence

Judge Hey correctly concluded that Petitioner failed to establish actual innocence. The actual innocence exception is characterized as a fundamental miscarriage of justice exception that is designed to ensure that federal constitutional errors do not result in the incarceration of innocent persons. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). To show a fundamental miscarriage of justice, a petitioner must demonstrate that he is actually innocent of the crime by presenting new evidence of innocence.[3] *Keller v. Larkins*, 251 F.2d 408, 415-16 (3d Cir. 2001). This requires a petitioner to supplement his claim with new, reliable evidence of actual or factual innocence that makes it "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also Cristin v. Brennan*, 281 F.3d 404, 420-21 (3d Cir. 2002). Actual innocence means factual innocence not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). Situations where actual innocence can be found in the absence of new evidence are extremely rare, given that the actual innocence exception itself "will apply only in extraordinary cases." *Werts v. Vaughn*, 228 F.3d 178, 193 (3d Cir, 2000).

Petitioner's Habeas Petition and his various filings in relationship to his Habeas Petition are devoid of any new evidence or even new factual allegations to establish his innocence of the crimes for which he was convicted. In objecting to Judge Hey's Report and Recommendation, Petitioner equally fails to cite to any new evidence or make specific factual allegations that

---

[3] Petitioner does not cite to an intervening change of law that could support a review of his Habeas Petition despite the expiration of the statutory limits of the AEDPA.

would warrant further investigation into his claim of actual innocence. Petitioner's objections essentially reiterate claims made in his Habeas Petition along with unsupported allegations of police and prosecutorial misconduct and corruption. He offers a Letter dated July 26, 2021 that he purportedly sent to the Philadelphia District Attorney's Conviction Integrity Unit in which he claims that the District Attorney, police officer and detective involved in his case were either found to be corrupt or were under investigation for corruption.

Petitioner's July 26, 2021 letter is woefully deficient to establish actual innocence. He fails to clearly identify the allegedly corrupt District Attorney or police officers by name, and he fails to present any evidence to establish that they were either found to be corrupt or that they are currently under investigation for corruption. In addition, Petitioner fails to explain why he waited until after Judge Hey issued her Report and Recommendation to raise his new claims of prosecutorial and police misconduct and corruption. He fails to explain what prevented him from conducting his purported independent review of police records so that he could raise these issues in a timely fashion. Therefore, these new claims are waived. *Kirk v. Meyer*, 279 F. Supp. 2d at 619 ("Although the Third Circuit has remained silent on the precise issue, the vast majority of authority holds that a district court may properly refuse to hear claims not first presented to the assigned magistrate Judge." (Collecting case)); see also Local R. Civ. P. 72.1(IV)(c).

### IV. CONCLUSION

For the foregoing reasons, the Court overrules Petitioner's objections, adopts and approves the Magistrate Judge's Report and Recommendations, and dismisses as untimely Petitioner's Writ of Habeas Corpus. An appropriate order will follow.

BY THE COURT:

　/s/ John Milton Younge　
Judge John Milton Younge

9